# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-10493
Summary Calendar

JOHN J. PETITO

Plaintiff-Appellant

v.

ERIC A. BREWSTER, ET AL.

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:

Plaintiff-appellant John J. Petito, proceeding pro se, appeals a dismissal with prejudice pursuant to FED. R. CIV. P. 41(b) of his claim, originally brought in the Eastern District of New York but transferred to the Northern District of Texas, against the defendants-appellants, who include Energytech, Inc., and numerous individuals apparently involved with it. The dismissal was issued by the United States District Court for the Northern District of Texas, per Judge Sam Lindsay, on March 31, 2008, pursuant to the March 10, 2008 recommendations of U.S. Magistrate Judge Jeff Kaplan. By a March 10 order from Magistrate Judge Kaplan, Petito was sanctioned $500 for threatening e-

mails he sent to opposing counsel on December 23, 2007 and January 11, 2008; on February 22, 2008, he was also fined $1000 for failure to appear at a show cause hearing and ordered to appear at a later hearing on March 7, 2008, which he also failed to attend. He was repeatedly warned of the serious consequences of his misconduct. Petito appeals, citing no fewer than twenty-four diffusely stated points of error, some that include subparts.

We have carefully reviewed the record and the party submissions in the instant case, and we find no error in the judgment of the court below. Petito's conduct is inexcusable. He used vulgar and abusive language to refer to judicial officers, and he sent threatening e-mails to opposing counsel. Under these circumstances, the dismissal of his case, even despite his unsubstantiated pleas of financial hardship and inability to appear at multiple show cause hearings, is by no means an abuse of discretion. He cannot expect the protection of the very courts he abuses; nor should he expect his action to proceed after debasing judicial proceedings with vulgar insults, or, more worryingly, issuing threats to opposing counsel, conduct that may be criminal.

The right to bring claims before the courts is a sacred right in our republic. But this right is not without limits. We are vested with the power, and we labor under the duty, to protect judicial officers as well as those appearing in court on their own behalf and on behalf of others. Such protection was required in this case due to Mr. Petito's wrongful conduct, and accordingly, his claims against the defendants, whether meritorious or not, have been forfeited. The dismissal with prejudice was appropriate and the sanctions against Mr. Petito were imposed according to law.

The judgment of the district court is AFFIRMED.