**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 1, 2011[*]
Decided June 7, 2011

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-2400

| | |
|---|---|
| GREGORY A. WHITE, <br>     *Plaintiff-Appellant*, | Appeal from the United States District <br> Court for the Central District of Illinois. |
| *v.* | No. 07-3026 |
| TARRY WILLIAMS, et al., <br>     *Defendants-Appellees*. | Harold A. Baker, <br> *Judge*. |

**O R D E R**

Gregory White asserts a number of constitutional claims against staff members at the Rushville Treatment and Detention Facility, where he is civilly committed as a violent sex offender. The district court granted in part the defendants' motions for summary judgment, leaving one claim for trial. But after White became disruptive at the final pretrial hearing, the judge dismissed the lawsuit with prejudice. We affirm the decision.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

On September 7, 2006, Rushville staff members were ordered to take White to a hospital for a medical examination. When he resisted, four of the those employees allegedly placed White in a head lock and then repeatedly struck him before dragging him to the prison infirmary. White still refused to cooperate and was placed in Special Management Status until a disciplinary committee assigned him to Close Status on September 11. He remained there for 30 days before returning to General Status.

White's lawsuit included claims about his disciplinary hearing and the conditions in Special Management Status, but only his claim of excessive force based on the physical altercation on September 7 survived summary judgment. The district court, noting that White had a "stack" of disciplinary cases at Rushville and three convictions for batteries committed against employees at detention facilities, convened a status hearing by video conference to evaluate whether to conduct the jury trial entirely by video. At that hearing White reacted angrily to adverse rulings and to statements made by defense counsel and the court. His language, the court later observed, would have made a "sailor blush."

White continued his difficult behavior a month later at the final pretrial conference, which also was conducted by video. First he denied receiving a proposed pretrial order from the defendants, though defense counsel insisted that White previously had acknowledged receipt of that document. Then after the district court had faxed a copy to White, he complained that he never received the court's order resolving the defendants' second motion for summary judgment, though docket entries show it was mailed to him. White became angry and tossed his papers off the table when, in his opinion, the court showed no sympathy about the missing order. That outburst prompted the court to issue a warning that White would be held in contempt if he continued his behavior. White reacted to the warning by accusing the court of being prejudiced and challenging the judge to either be fair or else dismiss the lawsuit. The judge dismissed the case.

On appeal White challenges several aspects of the district court's handling of his case. But unless we agree with White that it was error to dismiss his lawsuit as a sanction, the rest of his contentions are irrelevant.

District judges have the inherent authority to impose sanctions—including dismissal—when a litigant engages in conduct that abuses the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991); *Montano v. City of Chicago*, 535 F.3d 558, 563 (7th Cir. 2007). Our review is deferential, and we will sustain the choice of sanction unless the district court abused its discretion. *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 798 (7th Cir. 2009); *Dotson v. Bravo*, 321 F.3d 663, 667-68 (7th Cir. 2003). Dismissal may be appropriate when a party has shown a lack of respect for the court or proceedings.

*See Petito v. Brewster*, 562 F.3d 761, 762-63 (5th Cir. 2009); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005). And pertinent to White's behavior in this litigation, the sanction of dismissal has been upheld where a plaintiff challenged the district court's authority or leveled vitriol and frivolous accusations against the court or opposing counsel. *See Petito*, 562 F.3d at 762-63 (plaintiff ignored court orders, used vulgarities in referring to judicial officers, and sent threatening e-mails to opposing counsel); *Shearman v. Comm'r of Internal Revenue*, 436 F.3d 533, 537 (5th Cir. 2006) (plaintiff refused to obey court orders and accused judge and opposing counsel of engaging in criminal conduct); *Castillo v. St. Paul Fire & Marine Ins. Co.*, 938 F.2d 776, 779-80 (7th Cir. 1991) (plaintiff threatened violence in deposition).

We cannot conclude that the district court abused its discretion in dismissing White's lawsuit. The judge exercised restraint despite White's antagonistic demeanor during the April status hearing and his vulgar reaction as that hearing concluded. But White crossed the line at the final pretrial conference. Instead of heeding the warning he received after tossing his paperwork from his table, White openly challenged the court's impartiality and essentially dared the judge to dismiss the case. In fact, in this court White implicitly acknowledges his affront to the dignity of the district court but blames an "anti-social personality mental disorder" and insists that he never meant any lack of respect. The district judge saw things differently and was entitled to conclude, as the court did, that the proceedings had reached "an impasse."

**AFFIRMED**.